NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—March, 1885.

TOLER v. LANDON.

*In the matter of the judicial settlement of the account
of CHARLES G. LANDON and another, as executors
of the will of EMMA STRECKER, deceased.*

Upon the failure of the general guardian of an infant to give the security
required as a condition of the payment to him of a legacy bequeathed
to his ward, the executors should be directed to pay the same into the
Surrogate's court, as if there were no guardian.

The statute does not contemplate the assumption, by a Surrogate, of
responsibility as custodian of *chattels* bequeathed to an infant. He
can be called on to receive a legacy so bequeathed, only where its sub-
ject-matter renders it capable of investment for the infant's benefit.

APPLICATION by the executors of the decedent's
will, for an order directing them to deposit certain
moneys, etc., in the Surrogate's court. A cross-
motion for relief was made by Hugh K. Toler, as ad-
ministrator of the estate of Laura M. Toler, a legatee.

GEORGE DEWITT, JR., *for executor.*

ROOT & MARTIN, *for H. K. Toler.*

THE SURROGATE.—Sections 46 to 51 of tit. 3, ch. 6,
part 2, of the R. S. (3 *Banks*, 7*th ed.*, 2301) provide
that a legacy to a minor, in case it is of the value of
fifty dollars or more, must be paid to the general
guardian of such minor, upon the giving of security,
to be approved by the Surrogate ; and that, " if there
be no such guardian, or the Surrogate do not direct
such payment," the legacy shall be invested, under

VOL. III—22.

the direction of the Surrogate, in permanent securities, in the name and for the benefit of such minor, which securities shall be kept in the Surrogate's custody.   It was held, in McLoskey v. Reid (3 *Bradf.*, 329), that, in case the general guardian of an infant legatee should fail to give the bond required to be given upon the receipt of the ward's legacy, the Surrogate should proceed as if the ward were without a guardian, and should direct the fund to be paid into court and invested for the minor's benefit.   In the case at bar, it appears that the executors of this testatrix have failed to comply with the provisions of the decree of April 8th, 1884, directing them to pay to Laura Thébeaud, as general guardian of the infants Isabella, Josephine, Pauline, Jules and Marie Thébeaud, certain legacies bequeathed to them respectively by this testatrix, and that the reason for such failure is the fact that the general guardian has neglected to give the required security.   The executors now ask that an order be entered, directing them to deposit the legacies in question in the Surrogate's court. This application is granted.

*Second.*—The executors also ask that such order may provide for the delivery, into the Surrogate's custody, of a certificate of deposit of certain watches, jewelry, etc., which certificate is now in their hands. By the will of the testatrix, these articles were bequeathed as a specific legacy to certain designated persons, among whom are some of the minors above named.   The embarrassment under which the executors labor, in respect to this property, is one from which they cannot obtain relief by surrendering it

into the charge of the Surrogate. The statute does not contemplate that that officer shall take such charge of any other bequests than bequests to an infant legatee, and even as regards those, he is called upon to take that responsibility, only when the thing bequeathed is capable of investment for the infant's benefit. As regards, therefore, the watches, jewelry, etc., which are the subject of the specific legacy, the executors' petition must be denied.

I also deny the counter application of the administrator of the estate of Laura M. Toler, deceased. He must seek relief in another tribunal.